Professor E. W. PFEIFFER, Professor John B. Neilands, Alje Vennema, M.D., Professor Arthur H. Westing, and Professor Gordon H. Orians, Plaintiffs,

v.

MacMILLAN PUBLISHING CO., INC., a Delaware corporation, d/b/a The Free Press, Defendant.

No. CV–81–105–M.

United States District Court, D. Montana, Missoula Division.

Jan. 19, 1982.

Charles W. Schuyler, Patterson, Marsillo, Tornabene & Schuyler, Missoula, Mont., for plaintiffs.

Gary L. Graham, Garlington, Lohn & Robinson, Missoula, Mont., for defendant.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

Plaintiffs originally filed suit in state district court alleging various wrongs committed by the defendant in connection with a contract to publish the plaintiffs' book on chemical warfare in Vietnam.

Defendant filed a petition to remove, basing jurisdiction on diversity of citizenship between the parties. Plaintiffs filed a motion to remand, asserting that complete diversity does not exist.

The facts surrounding diversity of citizenship in this case are as follows:

Defendant MacMillan Publishing Co., Inc. is a corporation organized under the laws of Delaware, with its principal place of business in New York, and is a citizen of a state other than Montana.

Plaintiff Pfeiffer is a citizen of Montana; plaintiff Neilands is a citizen of California; plaintiff Westing is a citizen of Vermont, and plaintiff Orians is a citizen of Washington.

Whether diversity of citizenship exists in this case depends upon the citizenship of the remaining plaintiff, Alje Vennema. According to the answers to interrogatories dated October 19, 1981, and on file herein, Vennema is a citizen of Canada and is not a citizen of the United States. However, he works in New York, owns real property in New York, pays income taxes in New York

only, and maintains no bank accounts other than those in New York.

  Plaintiffs contend that Vennema is a citizen of New York for purposes of diversity jurisdiction; therefore, complete diversity between the parties is destroyed because the defendant is likewise a citizen of New York. However, this argument is without merit. Before an individual may be a citizen of a state for purposes of diversity jurisdiction, he must first be a citizen of the United States. *See* 1 Moore's Federal Practice 0.74 [2.–1] at 707.20. Vennema explicitly states in response to interrogatory No. 1 that he is not a citizen of the United States.[1]

28 U.S.C. § 1332(a) provides that district courts shall have original jurisdiction of all civil actions where the suit is between:

> (2) citizens of a state and citizens or subjects of a foreign state; (3) citizens of different states and in which citizens or subjects of a foreign state are additional parties. . . .

It is the conclusion of the court that diversity jurisdiction exists in this case under 28 U.S.C. § 1332(a)(3). The suit is between citizens of different states, and involves a citizen of Canada who is an additional party. As is stated at 1 Moore's Federal Practice 0.75 [1.–1], at 709.2:

> Prior to the Code of 1948, it had been established that the district courts had jurisdiction of an action between a citizen of State A and an alien (alienage), or an action between a citizen of State A and a citizen of State B (diversity), but the authorities were in conflict when the parties in these suits were combined in an action by a citizen of State A against an alien and a citizen of State B. The merger of alienage with diversity jurisdiction and the specific language of § 1332(a)(3) clearly adopts the better rule and puts to rest any doubt concerning the district court's jurisdiction of the latter suit.

Under these circumstances, the case could have been brought in this court originally via diversity jurisdiction. Removal from state district court to the present forum, therefore, appears proper under 28 U.S.C. § 1441.

Accordingly, it is HEREBY ORDERED that the motion to remand, filed by the plaintiff herein, be, and the same hereby is, DENIED.

---

1. As long as Vennema is a citizen of Canada, it makes little difference that his domicile is in New York. *See* C. Wright, Law of Federal Courts, 93 n.7 (3d ed. 1976).